WRIGHT, J.
The case before us is one of very singular features, and it is difficult to arrive at the real truth of it. These parties have had no quarrel — for aught that appears, they lived harmoniously together. He left her at her father’s on pretence of business; and on his return, after a couple of months, was desirous of living with her, but her parents prohibited him thenceforth from living with them, since which there has been much of diplomacy and insincerity. There is in the affair as detailed so much mystery, that we cannot pronounce what the true state of the case is. On Ms part, there are circumstances since his removal to this country, to excite suspicion that his efforts, apparently made to induce her return to Mm, were mere pretence to open the way fordamages in the suit against her father. On her part the evidence leaves it doubtful, if her expression of willingness to live with him were not controlled by family influence, and clogged with conditions intended to defeat the end. We are not satisfied that all has been open and fair, either between the parties, or by the parents of the complainant. The defendant has been more or less dissipated, it is true, and has acted foolishly enough. But what is disclosed to prevent man and wife, really loving each other, from getting together? We cannot see. There is something in the case inexplicable. Whether the truth lie in his wilful absence, and the desire *662 of colorable circumstances to increase his damages in the suits at law, or in the will of the wife, aided or unaided by her parents, we cannot tell. We are not perfectly satisfied with the conduct of either. If the parents interfere to prevent an interview, we will take measures to secure the parties against that influence, and to bring them together if they desire it themselves. As the case stands, we are not satisfied of the defendant’s wilful absence; and will dismiss the bill, unless a continuance is preferred. — Continued.